**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50196 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02821-BAS-1 |
| v. | |
| RONALD GRUSD, | MEMORANDUM [*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50197 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02821-BAS-5 |
| v. | |
| CALIFORNIA IMAGING NETWORK MEDICAL GROUP, | |
| Defendant-Appellant. | |

| | |
|---|---|
| | No. 18-50198 |
| UNITED STATES OF AMERICA, | D.C. No. 3:15-cr-02821-BAS-6 |
| Plaintiff-Appellee, | |
| v. | |
| WILLOWS CONSULTING COMPANY, | |

--------

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted August 12, 2019
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[**] District Judge.

Defendants Dr. Ronald Grusd, California Imaging Network Medical Group, and Willows Consulting Company appeal their convictions and sentences. We affirm their convictions but remand for re-sentencing in part.

1. The district court did not err in its bribery instructions because the instructions as a whole, and in context, encompassed only unlawful payments in exchange for patient referrals. *See United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir. 2007) (per curiam) (holding that we review the jury instructions "as a whole, and in context." (internal quotation marks omitted)).

2. Even if the district court erred when giving its Travel Act instruction by failing to include that California Business Code section 650(b) provided an exception for payments made for referral of clients, any error was harmless beyond

---

[**] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

2

a reasonable doubt. The great weight of the evidence introduced at trial demonstrated that Dr. Grusd made payments only for referral of patients. *See United States v. Green*, 592 F.3d 1057, 1071 (9th Cir. 2010) ("A jury instruction error is harmless if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." (internal quotation marks omitted)). Co-conspirators who pled guilty, including Reuben and Alex Martinez, testified that they never engaged in legitimate marketing activities such as handing out brochures or business cards. They worked only for Dr. Rigler and referred his patients to Dr. Grusd.

3. The district court did not constructively amend the indictment because the language that was omitted from the instructions was "superfluously specific language describing alleged conduct irrelevant to the defendant's culpability." *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014). The elements of the charged offenses did not require that a specific fraudulent statement be made; thus, inclusion in the indictment of a specific way that a fraud was perpetrated was superfluous to proving Defendants' culpability.

4. The evidence was sufficient to support a conviction because, when "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008). The testimony of Dr. Grusd's co-conspirators at trial sufficed to support the jury's determination that Dr. Grusd made payments for referral of workers' compensation patients in violation of federal and state law.

5. "We review a district court's construction and interpretation of the United States Sentencing Guidelines Manual ("Guidelines") de novo and its application of the Guidelines to the facts for abuse of discretion." *United States v. Popov*, 742 F.3d 911, 914 (9th Cir. 2014). Generally, the Government bears the burden of proving loss under the Sentencing Guidelines. *United States v. Walter-Eze*, 869 F.3d 891, 912 (9th Cir. 2017). In cases of health care fraud involving a government health care program, however, the "aggregate dollar amount of fraudulent bills submitted to the Government health care program shall constitute prima facie evidence of the amount of the intended loss." *See* U.S.S.G. § 2B1.1, cmt. n.3(F)(viii); *Popov*, 742 F.3d at 916. "If not rebutted, this evidence shall constitute sufficient evidence to establish the intended loss by a preponderance of evidence." *Popov*, 742 F.3d at 916.

The district court did not err in concluding that the California Workers' Compensation Program was a government health care program under U.S.S.G. § 2B1.1(b)(7). A government health care program is defined under the Guidelines

4

as "any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by federal or state governments." U.S.S.G. § 2B1.1 cmt. n.1. The State of California directly funds the workers' compensation system, "in part," for example, by administering the State Compensation Insurance Fund, which provides certain benefits flowing directly from state funds, and by maintaining a government-administered trust, funded by the state's taxpayers, for the benefit of workers of uninsured employers.

Once the Government established a prima facie case that the total billed amount was the intended loss, the burden shifted to Defendants to rebut that evidence. *See Popov*, 742 F.3d at 916. The district court erred by failing to consider whether to deduct at least some amount from the total billed amount. Sentencing Guideline application note 3(E) instructs the court that any loss "shall be reduced" by the fair market value of services rendered. U.S.S.G. § 2B1.1 cmt. n.3(E)(i). At sentencing, the district judge noted that trial testimony convinced her that "some" of the procedures were not legitimate or were otherwise "tainted" by the fraudulent scheme. However, a general determination that some of the procedures were illegitimate or tainted by fraud is insufficient to conclude that no deductions for the fair market value of the services were warranted. *See United*

*States v. Rutgard*, 116 F.3d 1270, 1294 (9th Cir. 1997) ("A global 'permeated with fraud' conclusion is not a judgment based on specific evidence.").

Accordingly, we **REMAND** for re-sentencing to allow the district court to determine whether the total loss amount should be reduced, at least in part, by the fair market value of the services rendered. *See United States v. Hymas*, 780 F.3d 1285, 1292 (9th Cir. 2015) (explaining that remand is necessary when there are Guidelines calculation errors because "[t]he district court must correctly calculate the recommended Guidelines sentence and use that recommendation as the starting point and initial benchmark" (internal quotation marks omitted)).

**AFFIRMED in part, REVERSED in part, REMANDED for re-sentencing**.